J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| Nike, Inc., <br><br> Plaintiff, <br> v. <br><br> Felix Ose Osifo, an individual and d/b/a Osifo Hip Hop Clothing and Does 1 – 10, inclusive, <br><br> Defendants. | Case No. CV 07-04706 CW (EDLx) <br><br> OPPOSITON TO DEFENDANT'S "MOTION FOR DISMISSAL OF DEFAULT JUDGMENT"; DECLARATION AND EXHIBITS IN SUPPORT THEREOF <br><br> Court: Hon. Elizabeth D. Laporte |

## INTRODUCTION

Defendant fails to meet his burden of proof and does not offer any credible evidence in support of his purported motion seeking to set aside the default entered against him. Defendant's purposeful neglect of the lawsuit, agreement that he sold counterfeit shoes bearing Plaintiff Nike, Inc.'s ("Plaintiff" or "Nike") trademarks, and prejudice to Plaintiff caused by Defendant's failure to adhere to Court orders and Plaintiff's rights, further warrants entry of default judgment at this time.

## STATEMENT OF THE FACTS

Defendant Felix Ose Osifo, an individual and d/b/a Osifo Hip Hop Clothing ("Defendant") has disregarded the trademark laws, the Court's orders, and failed to controvert Plaintiff's evidence of liability.

As stated in Plaintiff's Motion for Default Judgment and uncontested by

Defendant, on or about July 11, 2007, Plaintiff's investigator first visited Defendant's store located at 324 East Santa Clara Street in San Jose, CA 95133, where a number of counterfeit shoes were displayed for sale and the sale of two such pairs was made to Plaintiff's investigator. Declaration of Annie S. Wang ("Wang Decl.") at ¶ 2, Ex. A (Request for Judicial Notice). Later, Defendant grabbed the investigator's clipboard and pushed him out of the store. Id. Defendant then closed the store and fled, and his employee locked the store before also fleeing the scene. Id.

As Defendant was non-responsive to Plaintiff's attempts to resolve the matter out of court, Plaintiff filed suit on or about September 12, 2007. Thereafter Defendant sent to Plaintiff's counsel a letter dated October 1, 2007, also attached to Defendant's "Motion for Dismissal of default Judgment" admitting that he had sold shoes that bore Nike's trademarks that he allegedly received on consignment. Defendant's Motion p. 3. Attempts to contact Defendant in response were unsuccessful and some notices returned as "Refused". Wang Decl. at ¶ 3, Ex. B.

Plaintiff then requested Defendant's default and default was entered on or about October 29, 2007. Notice of the default and the Court's order directing the filing of a motion for default judgment were served on Defendant to the address where Defendant was served, the same address of Defendant's business, the address confirmed through Defendant's own letter dated October 1, 2007, and the same address confirmed again by Defendant during the court's initial hearing on the default motion. Wang Decl. at ¶ 3, 4, Ex. B.

On or about November 16, 2007, Plaintiff filed its default motion and served the same on Defendant on or about that date. The hearing was set for January 8, 2008. At no time from November 2007 to January 2008 did Defendant contact Plaintiff's counsel. Wang Decl. at ¶ 3. On January 8, 2008, Defendant appeared at the hearing for default judgment at the correct time and date but

claimed to have never received Plaintiff's motion or various correspondence. <u>Id.</u> at ¶ 4. After some discussion, the Court continued the hearing on the motion and allowed Defendant to file a motion to set aside the default, but also required that the Parties to file a joint report on the status of the default. <u>Id.</u> The Court stated it would provide Defendant with a copy of Plaintiff's motion. <u>Id.</u>

For many weeks the Parties attempted but were unable to resolve the matter. Defendant did not file the request to set aside the default and did not cooperate in the completion of the joint report pursuant to the Court's order. <u>Id.</u> at ¶ 5. At the continued hearing on the motion for default which took place on March 11, 2008, Defendant did not dispute that he sold the shoes and instead argued that the damages prayed for should be decreased. <u>Id.</u> at ¶ 6.

On or about March 12, 2008, Defendant filed the current motion which contains various discrepancies. Defendant states in the body of the motion that he did not receive a copy of Plaintiff's motion and was unable to reply, that he did not purchase, import, distribute or manufacture Nike footwear, that he did not profit from any unlawful activities, that he did not commit any acts willfully, and that the "total amount" of shoes on consignment was $1,575.00. Defendant's Motion pp.1-2. Defendant also attached his letter dated October 1, 2007, which stated that he did not have any money to buy any shoes, suggesting that he paid nothing for the shoes, but that he later "sold 2" leaving 33 pairs. <u>Id.</u> at pp.1-3.

### ARGUMENT

**I.   The Default Was Properly Entered and Default Judgment is Proper At This Time**

Three factors determine whether a default should be set aside. They are: 1) whether the defaulting party engaged in culpable conduct that led to the default, 2) whether the defaulting party had a meritorious defense, and 3) whether reopening the default judgment would be prejudicial. <u>Franchise Holding II, LLC</u>

Nike v. Osifo, et al.: Notice and Motion for Default Judgment    - 3 -

v. Huntington Restaurants Group, Inc., et al., 375 F.3d 922, 926 (9th Cir. 2004). Any of the three factors can be determinative and the burden is on the party requesting relief from the default. Id. Defendant has adduced no evidence sufficient to meet his burden on any of the three factors.

### a. Defendant's Culpable Conduct

Defendant's default was willful. Defendant failed to respond and default was properly entered. Defendant has failed to meet his burden on this first element as his actions contradict his assertions in support of relief, including his appearance at a hearing noticed in papers he now says he did not receive.

Defendant's purposeful neglect and abandonment started when Nike first served its cease and desist letter. Defendant initially fled the scene when confronted about the counterfeit shoes. Wang Decl. at ¶ 2, Ex. A (Request for Judicial Notice). Then after ignoring Plaintiff's efforts to resolve the matter out of court, Plaintiff was forced to file suit. After sending the letter dated October 1, 2007, Defendant failed to respond to follow up attempts by Plaintiff, instead "Refused" notices, and never contacted Plaintiff again until the date of the default hearing, a period of several months. Id. at ¶ 3, Ex. B.

Defendant's statements regarding non-receipt of papers is contradicted by his appearance at a hearing set by those same papers. Id. at ¶¶ 3-4. Defendant also confirmed his address to the Court which had been the address used by Plaintiff in sending Defendant numerous correspondence as well as Plaintiff's motion. Wang Decl. at ¶ 4. Even after the Court provided Defendant a copy of Plaintiff's motion, Id., Defendant as late as March 12, 2008, states that he still did not get a copy of Plaintiff's motion. Defendant's Motion p.1. Defendant's excuses are unsupportable and contradict the Court's word and the statements of numerous individuals who signed proofs of services indicating that notices were sent to Defendant's address where service was completed.

### b. Defendant Admits or Does Not Dispute the Elements of the Claim

While the law favors deciding disputes on the merits, there is no dispute on the facts underlying Nike's claim of trademark infringement. Defendant does not dispute that he sold shoes for monetary gain bearing Nike's trademarks or that the shoes were counterfeit. The requirements for trademark infringement are met. Defendant lacks a meritorious defense and again fails to meet his burden on this factor.

Defendant claims that the issue is one of knowledge which would be relevant as to the measure of damages, but not a defense to the claim of trademark infringement. However, the record raises serious doubt as to the issue of knowledge as Defendant does not dispute that he grabbed the clipboard of Nike's investigator and pushed him out of the store before fleeing the scene. Wang Decl. at ¶ 2, Ex. A (Request for Judicial Notice). Defendant does not dispute that he closed the store before fleeing, leaving a female employee inside, who locked the store and also later fled. Id. Defendant's recollection of the events on whether he received the shoes for "an amount" or on "consignment" are contradictory. Defendant's Motion pp.1-3. Defendant does not dispute that he sold at least two pairs of Nike branded shoes for a largely discounted combined total of $108.25, and does not dispute that they were counterfeit. Id. Thus, Defendant lacks a meritorious defense as to the claim of trademark infringement, and his claims of lack of knowledge are unsupported by his actions in the case.

### c. Plaintiff Continues to Suffer Prejudice as Additional Costs are Incurred Each Time Defendant Ignores the Court's Order or Plaintiff's Rights in this Matter

Defendant has failed to show that Plaintiff would not be prejudiced by the setting aside of the default. Instead, Plaintiff has expended additional fees and costs related to Defendant's default and disregard of Court orders. If the Court

were to reopen the matter, especially in light of Defendant's history of noncompliance with Court Orders, Plaintiff will incur substantially more costs in litigating this matter where the Defendant has largely admitted to liability.

## CONCLUSION

For the foregoing reasons, Nike respectfully requests that the Court recommend that Nike be awarded permanent injunctive relief enjoining Defendant from further violation of its rights. In addition, Nike requests Judgment in Nike's favor in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) in Lanham Act statutory damages and post-judgment interest at this time.

DATED: March 27, 2008        J. Andrew Coombs, A Professional Corp.

By: ___/s/ Annie S. Wang_____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

**DECLARATION OF ANNIE S. WANG**

I, ANNIE S. WANG, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am an attorney for Plaintiff Nike, Inc., ("Plaintiff") in an action styled <u>Nike, Inc., v. OSifo, et al.</u> I make this Declaration in support of Plaintiff's Opposition to Defendant's "Motion for Dismissal of Default Judgment." Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. I request, pursuant to Federal Rules of Evidence, Rule 201(b) that the Court take judicial notice of copies of the Declarations of Erik Fernandez and David W. Simpson and corresponding exhibits A-D, attached to Plaintiff's Motion for Default Judgment which have been attached hereto collectively as Exhibit A.

3. I am informed and believe Defendant was personally served at his place of business. On or about October 11, 2007, my office received a letter from Defendant dated October 1, 2007. I am informed and believe my office began sending correspondence to Defendant's address on or about October 17, 2007. I am informed and believe that several notices, including Plaintiff's Request for Entry of Default, were sent to Defendant's address over a period of several months, and I am informed and believe some of the items were returned as "Refused". No contact was ever received from Defendant after his letter dated October 1, 2007, until the hearing on Plaintiff's Motion for Default Judgment which took place in January of 2008. Attached hereto collectively as Exhibit B is the proof of service of the complaint, a letter from my office to Defendant dated October 17, 2007, and copies of several notices and proof of services of items sent to Defendant between September and December 2007.

4.     On or about January 8, 2008, I participated by telephone at the hearing on Plaintiff's Motion for Default Judgment. I was informed by the Court that Defendant had appeared personally at this hearing. During the hearing, Defendant indicated that he did not receive Plaintiff's moving papers and other correspondence but confirmed his address to be the address that Plaintiff had been sending all correspondence, including Plaintiff's Notice of Motion and Motion for Default Judgment and Court notices regarding the date and time of the hearing at which Defendant appeared. The Court indicated that it would provide Defendant with a copy of the moving papers. After some discussion, the Court continued the hearing on the motion and allowed Defendant to file a motion to set aside the default, but also required that the Parties to file a joint report on the status of the default.

5.     For many weeks following the initial hearing on Plaintiff's Motion for Default Judgment, the Parties attempted but were unable to resolve the matter and the Defendant failed to file the request to set aside the default and did not cooperate in the completion of the joint report pursuant to the Court's order. Plaintiff was forced to file a Declaration re Noncompliance with the Court, incurring additional expenses in so doing.

6.     I participated again by phone at the continued hearing on the motion for default which took place on March 11, 2008. At this hearing Defendant did not dispute that he sold the shoes and instead argued that the damages assessed should be decreased.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 27th day of March, 2008, at Glendale, California.

                                  _____/s/ Annie S. Wang_____
                                  ANNIE S. WANG

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On March 27, 2008, I served on the interested parties in this action with the following:

OPPOSITON TO DEFENDANT'S "MOTION FOR DISMISSAL OF DEFAULT JUDGMENT"; DECLARATION AND EXHIBITS IN SUPPORT THEREOF

for the following civil action:

Nike, Inc. v. Felix Ose Osifo, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Felix Ose Osifo<br>d/b/a Osifo Hip Hop Clothing<br>324 E. Santa Clara St.<br>San Jose, California 95113 | |

Place of Mailing: Glendale, California
Executed on March 27, 2008, at Glendale, California

_____
Katrina Bartolome